Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
Matthew C. Salmonsen (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
ANTHONY TIGGS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ANTHONY TIGGS, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| LVNV FUNDING, LLC, a Delaware limited liability company; and ROBERT JAMES COLCLOUGH, III, D/B/A LAW OFFICES OF ROBERT JAMES COLCLOUGH, III, individually and in his official capacity, | 15 United States Code §§ 1692-1692p California Civil Code §§ 1788-1788.33 |
| Defendants. | |

Plaintiff, ANTHONY TIGGS, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I.  INTRODUCTION

1.    Plaintiff is a service-connected disabled veteran whose only source of income is Veterans Administration benefits and Social Security Administration benefits, both of which are exempt from the claims of creditors under federal law[1] and under California law.[2]   Nonetheless,

---

[1]  See, 38 U.S.C. § 5301 (Veterans' Benefits) and 42 U.S.C. § 407 (Social Security Act).
[2]  See, Cal. Code of Civil Procedure §§ 704.080 (Social Security benefits) and 704.130 (disability benefits).

Defendants wrongfully opposed Plaintiff's claim of exemption and unlawfully pursued their levy of exempt funds from Plaintiff's bank account to satisfy a default judgment entered against Plaintiff in a distant forum and without lawful service of process. As a direct and foreseeable result of Defendants' wrongful actions, Plaintiff's exempt Veterans Administration benefits and Social Security Administration benefits were unlawfully taken from Plaintiff's bank account and converted by Defendants for their own use. Defendants' unlawful collection activities and conversion of Plaintiff's exempt public benefits caused Plaintiff to suffer actual damages, including bank charges and fees, interest and other charges on borrowed replacement funds, emotional distress, and attorney fees and costs he was required to incur attempting to oppose Defendants' unlawful collection efforts.

2.    This is an action for actual damages, statutory damages, attorney fees, and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.    According to 15 U.S.C. § 1692:

a.    There is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in

interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4.    Plaintiff also seeks actual damages, statutory damages, statutory penalties, attorney fees, and costs for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.33 (hereinafter "RFDCPA"), which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices.

5.    The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[3]

## II. JURISDICTION

6.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

7.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

## III. VENUE

8.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

[3]  Cal. Civil Code § 1788.1(a)(1).

Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV.  INTRADISTRICT ASSIGNMENT

9.     This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V.  PARTIES

10.     Plaintiff, ANTHONY TIGGS (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as that term is defined by Cal. Civil Code § 1788.2(h) and a "disabled person" as that term is defined by Cal. Civil Code § 1761(g).

11.     Defendant, LVNV FUNDING, LLC (hereinafter "LVNV"), is a Delaware limited liability company engaged in the business of purchasing and collecting defaulted, charged-off consumer debts in this state with its principal place of business located at: 55 Beattie Place, Suite 110, Greenville, South Carolina 29601.  LVNV may be served at the address of its Agent for Service of Process at: LVNV Funding, LLC, c/o Corporation Service Company, Agent for Service, 251 Little Falls Drive, Wilmington, Delaware 19808.  The principal business of LVNV is the purchase and collection of defaulted consumer debts using the mails, telephone, and internet, and LVNV regularly attempts to collect defaulted consumer debts alleged to be originally due another.  LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  LVNV is vicariously liable to Plaintiff for the acts of Defendant, ROBERT JAMES COLCLOUGH, III.[4]

---

[4]  See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1076 (N.D. Cal. 2011) ("if an

12.    Defendant, ROBERT JAMES COLCLOUGH, III, D/B/A LAW OFFICES OF ROBERT JAMES COLCLOUGH, III (hereinafter "COLCLOUGH"), is a natural person and licensed attorney in the state of California.  COLCLOUGH may be served at his current business address at: Robert James Colclough, III, Law Offices of Robert James Colclough, III, 9301 Oakdale Avenue, Suite 205, Chatsworth, California 91311.   The principal purpose of COLCLOUGH's business is the collection of defaulted consumer debts due or alleged to be originally due another.  COLCLOUGH is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet.  COLCLOUGH is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.    At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee, and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment, and/or joint venture.  Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

14.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by CITIBANK (SOUTH DAKOTA), N.A. (hereinafter "the alleged debt").  The alleged debt was incurred primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

15.    Plaintiff is a resident of Santa Clara County, California and has never resided in

entity is a debt collector and hence subject to the FDCPA, it should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf").

Fresno County, California.  Plaintiff has never applied for credit or signed a credit application or credit agreement while in Fresno County, California.  Moreover, if any debt to CITIBANK (SOUTH DAKOTA), N.A., was incurred by Plaintiff, a debt which Plaintiff specifically denies owing, said debt would have been incurred in Santa Clara County, California.

16.    Plaintiff is informed and believes, and thereon alleges, that sometime after default and on a date unknown to Plaintiff, the alleged debt was sold, assigned, or otherwise transferred to Defendant, LVNV, for collection from Plaintiff.

17.    Thereafter, on or about July 25, 2008, Defendant, LVNV, filed a lawsuit against Plaintiff in the Superior Court of California, County of Fresno, captioned *LVNV Funding, LLC v. Anthony Tiggs*, Case No. 08CECL07799 (hereinafter the "state court action"), which sought to collect the alleged debt.  A true and correct copy of the Complaint filed in the state court action is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.  Plaintiff was unaware of the state court lawsuit until November 2017.

18.    Thereafter, on or about August 22, 2008, Defendant, LVNV, filed a Proof of Service S&C in the state court action.  A true and correct copy of the Proof of Service S&C filed in the state court action is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.  Despite the representations made by Defendant, LVNV, in its Proof of Service S&C (Exhibit "2"), Plaintiff was not served with a copy of the Summons and Complaint in the state court action and he had no actual notice of the state court action until his bank account was levied on or about November 9, 2017.

19.    Thereafter, on or about January 20, 2009, Defendant, LVNV, filed a Declaration in Lieu of Direct Testimony in the state court action.  A true and correct copy of the Declaration in Lieu of Direct Testimony filed in the state court action is attached hereto, marked Exhibit "3," and by this

reference is incorporated herein.  Plaintiff was unaware of this until November 2017.

20.   Plaintiff is informed and believes, and thereon alleges, that Defendant, LVNV, falsely stated that its "Authorized Representative" "could and would competently testify that [it had] personal knowledge of the facts stated" in its <u>Declaration in Lieu of Direct Testimony</u> (Exhibit "3") when in fact LVNV did not have such personal knowledge nor any documents in its possession regarding Plaintiff's specific alleged debt.

21.   Plaintiff is informed and believes, and thereon alleges, that Defendant, LVNV, made and used false statements and misrepresentations in its <u>Declaration in Lieu of Direct Testimony</u> (Exhibit "3") in an attempt to collect the alleged debt from Plaintiff.

22.   Based on LVNV's false <u>Proof of Service S&C</u> (Exhibit "2") and its robo-signed[5] <u>Declaration in Lieu of Direct Testimony</u> (Exhibit "3") a default judgment was entered in the state court action in favor of Defendant, LVNV, and against Plaintiff, in the amount of $15,978.67 on or about January 21, 2009.  Plaintiff was unaware of this until November 2017.

23.   Thereafter, on November 9, 2017, Plaintiff's checking account at Wells Fargo Bank, N.A., was levied in the amount of $3,375 and Plaintiff was charged a "legal order fee" in the amount of $125.  At the time of the levy, Plaintiff's bank account contained only exempt Veterans Administration benefits and Social Security Administration benefits.  Prior to his bank account being levied, Plaintiff had no knowledge of the state court lawsuit.

24.   Thereafter, on or about November 11, 2017, Plaintiff received a <u>Notice of Levy Under Writ of Execution</u> and <u>Writ of Execution</u> in the mail regarding the state court action.  These documents were the first notice Plaintiff received regarding the state court action.[6]  A true and correct

---

[5]   The term "robo-signing" describes a number of manufacturing line type processes utilized in the creation, execution, witnessing, and notarization of legal documents.
[6]   See, *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 939-940 (9th Cir. 2009) (tolling the statute of limitations in FDCPA action under a discovery rule).

redacted copy of the <u>Notice of Levy Under Writ of Execution</u> and <u>Writ of Execution</u> is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

25.    Immediately upon learning of the state court action, Plaintiff obtained a copy of the state court's file at his own expense and retained legal counsel, thereby incurring additional actual damages in the form of attorney's fees and costs.[7]

26.    Thereafter, on or about November 13, 2017, Plaintiff served a <u>Claim of Exemption</u> on Defendants and the levying officer.  A true and correct copy of Plaintiff's <u>Claim of Exemption</u> and related <u>Proof of Service by First-Class Mail</u> is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

27.    Upon their receipt of Plaintiff's <u>Claim of Exemption</u> (Exhibit "5"), Defendants had actual knowledge that they were directing their collection efforts against a disabled person.

28.    Plaintiff is informed and believes, and thereon alleges that Defendants thereafter failed to investigate Plaintiff's <u>Claim of Exemption</u> (Exhibit "5").

29.    Thereafter, on or about November 21, 2017, Defendants drafted, approved, signed, and mailed a <u>Notice of Opposition to Claim of Exemption</u> to the levying officer and Plaintiff in which Defendants falsely stated that "The item or items claimed as exempt are not exempt under the statutes relied upon in the Claim of Exemption" and that "[Plaintiff]'s exemptions are not applicable."  A true and correct copy of Defendants' <u>Notice of Opposition to Claim of Exemption</u> is attached hereto, marked Exhibit "6," and by this reference is incorporated herein.  Plaintiff is informed and believes, and thereon alleges, that Defendants had no information or other reasonable ground for believing statements

---

[7] See, *Kapoor v. Rosenthal*, 269 F. Supp. 2d 408, 413 (S.D.N.Y. 2003), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983) ("An FDCPA plaintiff's pre-litigation attorney's fees incurred to defend the harassing state court action may be recovered in the subsequent FDCPA action against the debt collection attorney."); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

made in the Notice of Opposition to Claim of Exemption (Exhibit "6") were true and that Defendants' statements were made recklessly and without regard to the truth of the matters asserted.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants made and used false statements and misrepresentations in their Notice of Opposition to Claim of Exemption (Exhibit "6") in an attempt to collect the alleged debt from Plaintiff.

31.     Plaintiff is informed and believes, and thereon alleges, that by drafting and serving their Notice of Opposition to Claim of Exemption (Exhibit "6"), Defendants knowingly and intentionally ratified their levy of exempt funds from Plaintiff's bank account, an action that could not be lawfully taken.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendant, COLCLOUGH, did not have personal knowledge of the facts stated in Defendants' Notice of Opposition to Claim of Exemption (Exhibit "6").

33.     Defendants' Notice of Opposition to Claim of Exemption (Exhibit "6") bears the signature of Defendant, COLCLOUGH.

34.     Defendants' Notice of Opposition to Claim of Exemption (Exhibit "6") represented or implied that the relevant facts underlying Plaintiff's Claim of Exemption (Exhibit "5") had been investigated by COLCLOUGH.

35.     Plaintiff is informed and believes, and thereon alleges, that COLCLOUGH did not conduct a professional review of the relevant facts underlying Plaintiff's Claim of Exemption (Exhibit "5") before signing and filing Defendants' Notice of Opposition to Claim of Exemption (Exhibit "6") and sending it to Plaintiff.[8]

36.     Plaintiff is informed and believes, and thereon alleges, that Defendants' Notice of

---

[8]  See, *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

Opposition to Claim of Exemption (Exhibit "6") misrepresented the role and involvement of legal counsel.

37.   Plaintiff is informed and believes, and thereon alleges, that Defendants' Notice of Opposition to Claim of Exemption (Exhibit "6") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

38.   Thereafter, on December 21, 2017, the Honorable Samuel Dalesandro denied, without prejudice, Plaintiff's Claim of Exemption (Exhibit "5") based on the false statements contained in Defendants' Notice of Opposition to Claim of Exemption (Exhibit "6") and released Plaintiff's exempt Veterans Administration benefits and Social Security Administration benefits to Defendants.  A true and correct copy of the Order Determining Claim of Exemption is attached hereto, marked Exhibit "7," and by this reference is incorporated herein.

39.   As a disabled person subjected to Defendants' abusive, deceptive, and unfair collection practices, Plaintiff is entitled to recover treble damages pursuant to Cal. Civil Code § 3345.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT
### (Against All Defendants)

40.   Plaintiff brings the first claim for relief against all Defendants, pursuant to the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

41.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

42.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

43.   Defendant, LVNV, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

44.     Defendant, COLCLOUGH, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

45.     The financial obligation that Defendants attempted to collect from Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

46.     Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

a.     Defendants made and used false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b.     Defendants misrepresented the character or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

c.     Defendants falsely represented or implied that attorney COLCLOUGH had investigated and professionally reviewed Plaintiff's Claim of Exemption (Exhibit "5") when COLCLOUGH had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

d.     Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

e.     Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

f.     Defendants levied and converted Plaintiff's exempt Veterans Administration benefits and Social Security Administration benefits, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

g.     Defendants engaged in unfair and unconscionable practices in an attempt to collect the debt from Plaintiff, in violation of 15 U.S.C. § 1692f; and

h.     Defendants brought a legal action against Plaintiff to collect a defaulted

consumer debt allegedly owed by Plaintiff in a judicial district other than the judicial district in which the Plaintiff signed the contract sued on or in the judicial district in which the Plaintiff resided at the commencement of the action, in violation of 15 U.S.C. § 1692i(a).

47.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

48.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (Against Defendant, LVNV, Only)

49.    Plaintiff brings the second claim for relief against Defendant, LVNV, only pursuant to the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

50.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

51.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

52.    Defendant, LVNV, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

53.    The financial obligation that Defendant, LVNV, attempted to collect from Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

54.    Defendant, LVNV, has violated the RFDCPA.  The violations include, but are not limited to, the following:

a.    Defendant, LVNV, made and used false, deceptive, and misleading

representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[9]

b.   Defendant, LVNV, misrepresented the character or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[10]

c.   Defendants falsely represented or implied that attorney COLCLOUGH had investigated and professionally reviewed Plaintiff's <u>Claim of Exemption</u> (Exhibit "5") when COLCLOUGH had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[11]

d.   Defendant, LVNV, falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[12]

e.   Defendant, LVNV, misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[13]

f.   Defendant, LVNV, levied and converted Plaintiff's exempt Veterans Administration benefits and Social Security Administration benefits, an action that cannot lawfully be taken, in violation of Cal. Civil Code § 1788.17;[14]

g.   Defendant, LVNV, engaged in an unfair and unconscionable practices in an attempt to collect the debt from Plaintiff, in violation of Cal. Civil Code § 1788.17;[15] and

h.   Defendant, LVNV, brought a legal action against Plaintiff to collect a consumer debt allegedly owed by Plaintiff in a judicial district other than the judicial district in which the Plaintiff signed the contract sued on or in the judicial district in which the Plaintiff resided at the commencement of the action, in violation Cal. Civil Code §§ 1788.15(b) and

---

[9]  15 U.S.C. §§ 1692e and 1692e(10).
[10]  15 U.S.C. § 1692e(2)(A).
[11]  15 U.S.C. §§ 1692e(3) and 1692e(10).
[12]  15 U.S.C. §§ 1692e(3) and 1692e(10).
[13]  15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[14]  15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[15]  15 U.S.C. § 1692f.

1788.17.[16]

55.     Defendant, LVNV's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, as that term is defined by Cal. Civil Code § 1788.30(b).

56.     As a result of Defendant, LVNV's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

57.     As a result of Defendant, LVNV's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

58.     As a result of Defendant, LVNV's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.17.[17]

59.     As a result of Defendant, LVNV's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[18]

60.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

/ / /

/ / /

/ / /

---

[16] 15 U.S.C. § 1692i(a).
[17] 15 U.S.C. § 1692k(a)(2)(A).
[18] 15 U.S.C. § 1692k(a)(3).

1

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692f, and 1692i(a);

c)  Declare that Defendant, LVNV violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

d)  Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f)  Award Plaintiff a statutory penalty against Defendant, LVNV, in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g)  Award Plaintiff statutory damages against Defendant, LVNV, in an amount not to exceed $1,000, pursuant to Cal. Civil Code § 1788.17;[19]

h)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[20] and 1788.30(c); and

i)  Award Plaintiff such other and further relief as may be just and proper.

oo0oo

---

[19] 15 U.S.C. § 1692k(a)(2)(A).
[20] 15 U.S.C. § 1692k(a)(3).

CONSUMER LAW CENTER, INC.

Dated:  January 11, 2018

By: /s/ Fred W. Schwinn
☐ Fred W. Schwinn (SBN 225575)
☐ Raeon R. Roulston  (SBN 255622)
☐ Matthew C. Salmonsen  (SBN 302854)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
ANTHONY TIGGS

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANTHONY TIGGS, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| STEVEN S. LOEB, BAR #85373<br>LAW OFFICES OF ROSEN & LOEB<br>16000 VENTURA BLVD., STE 1150<br>ENCINO, CA 91436<br>  TELEPHONE NO: (818)907-5866   FAX NO. *(Optional):* (818)461-5959<br>E-MAIL ADDRESS *(Optional):*<br>  ATTORNEY FOR *(Name):* PLAINTIFF | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO**
STREET ADDRESS: 2317 TUOLUMNE STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: FRESNO, CA 93721-1220
BRANCH NAME: FRESNO JUDICIAL DISTRICT

**FILED**

JUL 2 5 2008

FRESNO COUNTY SUPERIOR COURT
By_____
NM - DEPUTY

PLAINTIFF: LVNV FUNDING, LLC.

DEFENDANT: ANTHONY TIGGS

[X] DOES 1 TO  10, INCLUSIVE

**CONTRACT**

[X] COMPLAINT   [ ] AMENDED COMPLAINT *(Number):*

[ ] CROSS-COMPLAINT  [ ] AMENDED CROSS-COMPLAINT *(Number):*

**Jurisdiction** *(check all that apply):*
[X] ACTION IS A LIMITED CIVIL CASE
  Amount demanded  [ ] does not exceed $10,000
         [X] exceeds $10,000, but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:

08 CEM 07799

1. **Plaintiff*** *(name or names):* LVNV FUNDING, LLC.

   alleges causes of action against **defendant*** *(name or names):* ANTHONY TIGGS

2. This pleading, including attachments and exhibits, consists of the following number of pages: 3
3. a. Each plaintiff named above is a competent adult
     [X] **except** plaintiff *(name):* LVNV FUNDING, LLC.

       (1) [ ] a corporation qualified to do business in California
       (2) [ ] an unincorporated entity *(describe):*
       (3) [X] other *(specify):* A LIMITED PARTNERSHIP

   b. [ ]  Plaintiff *(name):*
     a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

     b. [ ] has complied with all licensing requirements as a licensed *(specify):*

   c. [ ]  Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
     [ ] **except** defendant *(name):*          [ ] **except** defendant *(name):*

       (1) [ ] a business organization, form unknown     (1) [ ] a business organization, form unknown
       (2) [ ] a corporation                 (2) [ ] a corporation
       (3) [ ] an unincorporated entity *(describe):*      (3) [ ] an unincorporated entity *(describe):*

       (4) [ ] a public entity *(describe):*          (4) [ ] a public entity *(describe):*

       (5) [ ] other *(specify):*               (5) [ ] other *(specify):*

**EXHIBIT 1**

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Legal
Solutions
Plus

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: LVNV VS. TIGGS | CASE NUMBER: |
|---|---|

4.  *(Continued)*
    b.  The true names of defendants sued as Does are unknown to plaintiff.
        (1)  ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named
            defendants and acted within the scope of that agency or employment.
        (2)  ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to
            plaintiff.
    c.  ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
    d.  ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5.  ☐ Plaintiff is required to comply with a claims statute, **and**
    a.  ☐ has complied with applicable claims statutes, *or*
    b.  ☐ is excused from complying because *(specify):*

6.  ☒ This action is subject to   ☒ Civil Code section 1812.10   ☐ Civil Code section 2984.4.
7.  This court is the proper court because
    a.  ☐ a defendant entered into the contract here.
    b.  ☐ a defendant lived here when the contract was entered into.
    c.  ☒ a defendant lives here now.
    d.  ☐ the contract was to be performed here.
    e.  ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f.  ☐ real property that is the subject of this action is located here.
    g.  ☐ other *(specify):*

8.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or
    more causes of action attached):*
    ☐ Breach of Contract
    ☒ Common Counts
    ☐ Other *(specify):*

9.  ☒ Other allegations:
        BY ASSIGNMENT, PLAINTIFF IS THE SUCCESSOR IN INTEREST TO SEARS.

10.  **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a.  ☒ damages of: $ 12,976.77
    b.  ☐ interest on the damages
        (1)  ☐ according to proof
        (2)  ☒ at the rate of *(specify):*   10.00   percent per year from *(date):* 10/15/06
    c.  ☒ attorney's fees
        (1)  ☒ of: $ 240.00
        (2)  ☐ according to proof.
    d.  ☐ other *(specify):*

11.  ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: JUNE 30, 2008

STEVEN S. LOEB
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(2)

| SHORT TITLE:  LVNV VS. TIGGS | CASE NUMBER: |
|---|---|

FIRST _____          **CAUSE OF ACTION—Common Counts**
     (number)

ATTACHMENT TO   [ X ] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1.  Plaintiff *(name):*  LVNV FUNDING, LLC.

    alleges that defendant *(name):*  ANTHONY TIGGS

    became indebted to  [ ] plaintiff  [ X ] other *(name):* SEARS

    a. [ X ] within the last four years
      (1) [ X ] on an open book account for money due.
      (2) [ X ] because an account was stated in writing by and between plaintiff and defendant in which it
           was agreed that defendant was indebted to plaintiff.

    b. [ X ] within the last [ ] two years [ X ] four years
      (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
      (2) [ ] for work, labor, services and materials rendered at the special instance and request of defendant
           and for which defendant promised to pay plaintiff
           [ ] the sum of $ 0.00
           [ ] the reasonable value.
      (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant
           promised to pay plaintiff
           [ ] the sum of $ 0.00
           [ ] the reasonable value.
      (4) [ X ] for money lent by plaintiff to defendant at defendant's request.
      (5) [ X ] for money paid, laid out, and expended to or for defendant at defendant's special instance and
           request.
      (6) [ ] other *(specify):*

CC-2.  $ 12,976.77 _____ , which is the reasonable value, is due and unpaid despite plaintiff's demand,
    plus prejudgment interest  [ ] according to proof  [ X ] at the rate of 10.00 _____ percent per year
    from *(date):* 10/15/06

CC-3.  [ X ] Plaintiff is entitled to attorney fees by an agreement or a statute
        [ X ] of $ 770.00
        [ ] according to proof.

CC-4.  [ ] Other:

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]
        **CAUSE OF ACTION—Common Counts**
Legal Solutions Plus
Code of Civil Procedure, § 425.12

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| Steven S. Loeb, Bar #85373<br>Rosen & Loeb<br>16000 Ventura Blvd., Suite 1150<br>Encino, Ca 91436<br>*Telephone No:* 818 907-5866    *FAX No:* 818 907-1553 | | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF FRESNO<br>AUG 2 2 2008 |
| *Attorney for:* Plaintiff | *Ref. No. or File No.:*<br>010157 | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>  Superior Court of Fresno County | | BY_____<br>DEPUTY |
| *Plaintiff:* LVNV Funding, et al | | |
| *Defendant:* Anthony Tiggs, et al | | |

| PROOF OF SERVICE<br>S&C | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>08CECL07799 |
|---|---|---|---|---|

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons and Complaint; Notice of Collection Case Review Hearing (Mailing).

*3.  a. Party served:*          Anthony Tiggs
   *b. Person served:*       John Doe, brother and occupant, Black, Male, 40 Years Old, Black Hair, Eyeglasses
                             Eyes, 6 Feet, 200 Pounds

*4.  Address where the party was served:*       4044 N. Cornelia Ave.
                                                Fresno, Ca 93722

*5.  I served the party:*
   *b. by substituted service.* On: Mon., Aug. 11, 2008 at: 7:45PM I left the documents listed in item 2 with or in the presence of:
                  John Doe, brother and occupant
   (2)  **(Home)**Competent Member of the Household over 18. I informed him or her of the general nature of the papers.
   (4)  A declaration of mailing is attached.
   (5)  I attach a declaration of diligence stating actions taken first to attempt personal service.

6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

*7.  Person Who Served Papers:*                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Steffani Harris                              d.  *The Fee for Service was:*    $55.00
                                                   e.  I am: (3) registered California process server
**LEGAL EXPRESS** *LIMITED*                            *(i)*    Independent Contractor
LEGAL EXPRESS LTD.                                     *(ii)*   *Registration No.:*    200510000025
1831 HARTMAN LN.                                       *(iii)*  *County:*              Fresno
P. O. BOX 808001
PETALUMA, CA 94975-8001
PHONE 707-765-6765
FAX 707-765-6762

```
EXHIBIT
2
```

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date:Tue, Aug. 12, 2008

Judicial Council Form POS-010                    PROOF OF SERVICE                 (Steffani Harris)
Rule 2.150.(a)&(b) Rev January 1, 2007                 S&C                          *rosen.165444*

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| Steven S. Loeb, Bar #85373<br>Rosen & Loeb<br>16000 Ventura Blvd., Suite 1150<br>Encino, Ca 91436<br>*Telephone No:* 818 907-5866      *FAX No:* 818 907-1553 | | | | |

*Attorney for:* Plaintiff | *Ref. No or File No.:* 010157

*Insert name of Court, and Judicial District and Branch Court:*
Superior Court of Fresno County

*Plaintiff:* LVNV Funding, et al

*Defendant:* Anthony Tiggs, et al

| **PROOF OF SERVICE**<br>**By Mail** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>08CECL07799 |
|---|---|---|---|---|

1.  I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2.  I served copies of the Summons and Complaint; Notice of Collection Case Review Hearing (Mailing).

3.  By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:

    a.  Date of Mailing:          Tue., Aug. 12, 2008
    b.  Place of Mailing:         Petaluma, Ca 94975
    c.  Addressed as follows:     Anthony Tiggs
                                  4044 N. Cornelia Ave.
                                  Fresno, Ca 93722

4.  I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Tue., Aug. 12, 2008 in the ordinary course of business.

5.  *Person Serving:*                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a.  Ioanna Asimos                          d.  *The Fee for Service was:*  $55.00
    b.  Legal Express Limited                  e.  I am: (3) registered California process server
        P.O. Box 808001                            *(i)*   Independent Contractor
        Petaluma, Ca 94975                         *(ii)  Registration No.:*      115
    c.  707 765-6765, FAX 707-765-6762             *(iii) County:*               Marin

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Tue, Aug. 12, 2008

Judicial Council Form POS-010          PROOF OF SERVICE                    (Ioanna Asimos)
Rule 2.150.(a)&(b) Rev January 1, 2007         By Mail                                        *rosen.165444*

| Attorney or Party without Attorney:<br>Steven S. Loeb, Bar #85373<br>Rosen & Loeb<br>16000 Ventura Blvd., Suite 1150<br>Encino, Ca  91436 | | For Court Use Only |
|---|---|---|
| Telephone No: 818 907-5866      FAX: No: 818 907-1553 | Ref. No or File No.:<br>010157 | |
| Insert name of Court, and Judicial District and Branch Court:<br>Superior Court of Fresno County | | |
| Plaintiff: LVNV Funding, et al | | |
| Defendant: Anthony Tiggs, et al | | |

| **Due Diligence**<br>**S&C** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>08CECL07799 |
|---|---|---|---|---|

1. I, Steffani Harris, and any employee or independent contractors retained by Legal Express Limited are and were on the dates mentioned herein over the age of eighteen years and not a party to this action.  Personal service was attempted on Defendant Anthony Tiggs as follows:

2. *Documents:*      Summons and Complaint; Notice of Collection Case Review Hearing (Mailing)..

| Day | Date | Time | Location | R e s u l t s |
|---|---|---|---|---|
| Fri | 08/08/08 | 8:30pm | Home | No answer at the residence address.; Attempt made by: Steffani  Harris. Attempt at: 4044 N. Cornelia Ave.   Fresno Ca. 93722. |
| Sat | 08/09/08 | 10:13am | Home | No answer at the residence address.; Attempt made by: Steffani  Harris. Attempt at: 4044 N. Cornelia Ave.   Fresno Ca. 93722. |
| Sun | 08/10/08 | 1:22pm | Home | No answer at the residence address.; Attempt made by: Steffani  Harris. Attempt at: 4044 N. Cornelia Ave.   Fresno Ca. 93722. |
| Mon | 08/11/08 | 7:45pm | Home | Substituted Service effected by leaving copy of the document(s) with; John Doe, brother and occupant. Attempt made by: Steffani  Harris. Attempt at: 4044 N. Cornelia Ave.   Fresno Ca. 93722. |

3.  *Person Executing*
   a. Steffani  Harris
   **b. Legal Express Limited**
   P.O. Box 808001
   Petaluma, Ca  94975
   c. 707 765-6765, FAX 707-765-6762

Recoverable Costs Per CCP 1033.5(a)(4)(B)
*d.. The Fee for service was:* $55.00
*e. I am:*  (3)  registered California process server
   *(i)*   Independent Contractor
   *(ii)*  *Registration No.:*      200510000025
   *(iii)*  *County:*                    Fresno

4.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

*Date:* Tue, Aug. 12, 2008          **Due Diligence**          (Steffani  Harris)          rosen.165444

Rosen and Loeb, Attorneys at Law
16000 Ventura Boulevard, Suite 1150
Encino CA 91436
(818) 907-5866, FAX (818) 461-5959
BY: STEVEN S LOEB, ESQ. SBN. 85373
Attorney for Plaintiff

FILED

JAN 2 0 2009
FRESNO COUNTY SUPERIOR COURT
BY _____
T.L.H. DEPUTY

## SUPERIOR COURT OF CALIFORNIA
## FRESNO COUNTY

LVNV Funding LLC,                    )
as assignee of,                      )
Citibank                             )
                    Plaintiff,       )    CASE NO. 08CECL07799
Vs.                                  )
                                     )    DECLARATION IN LIEU
                                     )    OF DIRECT TESTIMONY
                                     )    CCP SEC. 585
                                     )
Anthony Tiggs, , et. al. )           )
And DOE 1 through 10 inclusive       )
                    Defendant(s)     )
                                     )

I, Tobie Griffin, declare if called as a witness I could and would competently testify that I have

personal knowledge of the facts stated herein.

1. Before the commencement of this action LVNV Funding LLC, became the holder in regard to

the account of Anthony Tiggs, .  Plaintiff is now the custodian and holder of said account

against Defendant(s).  A true and correct copy of said Assignment is attached hereto as Exhibit

1 and Incorporated herein by this reference.

2. As Authorized Representative for LVNV Funding LLC, I am responsible for overseeing the

collections of accounts, which includes the account of Anthony Tiggs,  account numbers

264325899.  During the course of my responsibilities I have been given custody of the loan

records of Anthony Tiggs, .  I have reviewed the files as part of the preparation of the

Declaration.

DECLARATION - 1

EXHIBIT
3

3. I am familiar with the bookkeeping procedures of LVNV Funding LLC and how they are maintained.  Based on my familiarity with of Anthony Tiggs,  account, I know that these procedures were followed accordingly.  LVNV Funding LLC has used these standards procedures for many years and conducts its business operations in reliance upon the accuracy of its computers and account procedures.

4. Attached hereto exhibit 2, and incorporated herein by this reference is a true and correct copy of a statement of account.  The exhibits are the permanent records of LVNV Funding LLC with respects of Anthony Tiggs, .  Documents are prepared by retrieving data stored in the computer of LVNV Funding LLC.

5. The above described Exhibit accurately reflect the correct amount of principal owed to LVNV Funding LLC on said of Anthony Tiggs,   since the commencement of this action, there is now due, owing and unpaid sum of  $12,976.77 with interest in the amount $2,406.90. Said interest was calculated at the rate of 10% per annum, from 10/15/2006 to 9/23/2008, for a total of 678 days at the rate of $  3.55 per day.

6. LVNV Funding LLC has made numerous attempts to collect from Anthony Tiggs, . When it was clear that the only way to resolve this matter was by way of litigation a lawsuit was commenced.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on August 25, 2008 at Greenville County, South Carolina.

BY: _____

Name: Tobie Griffin

Title: Authorized Representative

DECLARATION - 2

EXHIBIT 1



**Citibank (South Dakota), N.A.**
Office of the General Counsel

701 East 60th Street, North
P.O. Box 6034
Sioux Falls, SD 57117-6034

Tel: 605-331-1567
Fax: 605-330-6745

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS BILL OF SALE, ASSIGNMENT AND ASSUMPTION AGREEMENT is dated as of May 9, 2007, between Citibank (South Dakota), National Association, a national banking associated organized under the laws of the United States, located at 701 East 60th Street North, Sioux Falls, SD 57117 (the "Bank") and Sherman Originator LLC, located c/o Sherman Capital Markets LLC, 200 Meeting Street, Charleston, SC 29401 ("Buyer").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated May 24, 2005, between Buyer and the Bank (the "Agreement"), the Bank does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, who simultaneously transfers, sells, assigns, conveys, grants, bargains, sets over and delivers to LVNV Funding LLC ("Subsequent Buyer"), and to Subsequent Buyer's, successors and/or assigns, the Accounts described in Section 1.2 of the Agreement.

Seller hereby stipulates that Subsequent Buyer may be substituted for Seller as the valid owner of the Accounts and hereby irrevocably waives any and all notice, hearing requirements or right to object under Bankruptcy Rule 3001 (e) (2).

This Bill of Sale, Assignment and Assumption Agreement is executed without recourse and without representations or warranties including, without limitation, warranties as to collectibility.

Citibank (South Dakota), National Association

By: _____

Name: _____
DAVID L. ZIMBECK
Vice President & General Counsel
Citibank (South Dakota), N.A.
Sioux Falls, SD/1251
605-331-1630

Title: _____

weeklybos.doc

A member of citigroup†

## AFFIDAVIT

State of South Carolina

County of Greenville

I, Nikki Foster, being first duly sworn on oath, depose and state as follows:

1.   I am an Authorized Representative of LVNV Funding,LLC and I am duly authorized to make this Affidavit.

2.   That account number 5121071811714801, Anthony Tiggs "Account", is owned by LVNV Funding LLC.

3.   The Account was acquired by LVNV Funding LLC from its affiliate, Sherman Originator LLC.

4.   Upon the acquisition of the Account from Sherman Originator LLC, all of Sherman Originator LLC's interest in the Account was vested in LVNV Funding,LLC.

DATED this 29th day of May, 2008.

Signature

Subscribed and sworn to before me

This 29th day of May, 2008.

Portfolio # 7898

Susan G. Argentieri
Notary Public
State of South Carolina
My Comm. Exp. 8-15-2015

EXHIBIT 2

Stuart F. Cooper Co. Recycled Paper

LVNV FUNDING LLC
ASSIGNEE OF SEARS/ CITIBANK
15 SOUTH MAIN STREET, STE 700
GREENVILLE, SC 29601

DATE:  OCTOBER 15, 2006

NAME:              ANTHONY TIGGS

ADDRESS:         4044 N. CORNELIA AVE.

CITY:                FRESNO, CA 93722

ACCOUNT #:     264325899/ 5121071811714801


TRANSACTION DESCRIPTION

---

YOUR ACCOUNT REMAINS DELINQUENT KINDLY
FORWARD THE ENTIRE BALANCE DUE NOW.


BALANCE:    $12,976.77

## Important Sears Card Credit Terms

The information below indicates the costs associated with a Sears Card account issued by Citibank USA. N.A.

| Annual Percentage Rate (APR) for purchases | 22.90% |
|---|---|
| Other APRs | Cash Access APR: 23.90%.* <br> Default rate: 27.90%. See explanation below.** |
| Variable rate information | Your APRs may vary. The rate for purchases is determined for each billing cycle by adding 17.15% to the U.S Prime Rate.*** The cash access rate is determined for each billing cycle by adding 18.15% to the U.S. Prime Rate.*** The default rate is determined for each billing cycle by adding up to 22.15% to the U.S. Prime Rate.**** |
| Grace period for repayment of balance for purchases | Not less than 20 days if you pay your total new balance in full each billing cycle by the due date. |
| Method of computing the balance for purchases | Average daily balance (including new purchases) |
| Annual fees | None |
| Minimum finance charge | $1.00 |

Transaction fee for Cash Access: 3% of the amount of each cash access or balance transfer transaction, but not less than $5.
Late payment fee: $15 on balances up to $50, $25 on balances of $50 up to $1000 and $35 on balances of $1,000 and over.

*Cash access is not a feature on all accounts. We will notify you separately if your account has a cash access feature.
**All your APRs may increase if you default under any Card Agreement that you have with us because you fail to make a payment to us or any other creditor when due, you exceed your credit line, or you make a payment to us that is not honored.
***The U.S. Prime Rate used to determine your APRs for each billing cycle is the U.S. Prime Rate published in *The Wall Street Journal* two business days prior to the Billing Cycle Closing Date for that billing cycle.
****Factors considered in determining your default rate may include the length of time your account with us has been open, the existence, seriousness and timing of defaults under any Card Agreement that you have with us, and other indications of account usage and performance.

We may change the above rates, fees and other cost information at any time in accordance with applicable law and the Card Agreement that will be sent with your card.

We allocate your payments and credits in a way that is most favorable or convenient for us, which may include allocating such payments and credits to pay off low APR balances before higher APR balances and allocating payments or credits to pay off longer promotional period balances before shorter promotional period balances.

### Sears Card
### Initial Disclosure Statement

Please read this Initial Disclosure Statement ("Statement") and keep it for your records. If you are approved for credit, you will receive a Card Agreement ("Agreement" or "Card Agreement") with your card.

To simplify this Statement for you, the following definitions will apply. The words *you, your, yours,* and *accountholder* mean all persons responsible for complying with this Agreement.

including the person, and any co-applicant, who applied to open the account and the person to whom we address account statements. The word *card* means one or more cards or other access devices, such as account numbers, that we have issued to permit you to obtain credit under this Agreement. The words *we*, *us*, and *our* mean Citibank USA, N.A., the issuer of your account. *Sears* means Sears, Roebuck and Co. and its participating affiliates, subsidiaries and licensees. *External purchase* or *External transaction* means any purchase or transaction involving a non Sears entity. Balance transfers will be treated as External purchases unless otherwise provided in this Agreement. *Sears purchase* or *Sears transaction* means any purchase or transaction involving a Sears entity.

**How We Determine the Balance:**
The total outstanding balance (the amount you owe us) appears as the "Account Balance" on the account statement. To determine the Account Balance, we begin with the outstanding balance on your account at the beginning of each billing cycle, called the "Previous Balance" on your account statement. We add any purchases, cash access transactions, debits, or other charges and subtract any credits or payments credited as of that billing cycle. We then add the appropriate finance charges and fees and make other applicable adjustments.

**Annual Percentage Rates for Purchases and Cash Access:**

- We calculate the variable annual percentage rates for each billing cycle for regular Sears and regular External purchases by adding 17.15% to the U.S. Prime Rate. As of April 1, 2005, the **ANNUAL PERCENTAGE RATE** for both regular Sears and regular External purchases is 22.90%, which corresponds to a daily periodic rate of 0.0628%.

- We will notify you separately if your account has a cash access feature. If your account has a cash access feature, we calculate the variable annual percentage rate for each billing cycle for cash access by adding 18.15% to the U.S. Prime Rate. As of April 1, 2005, the **ANNUAL PERCENTAGE RATE** for cash access is 23.90%, which corresponds to a daily periodic rate of 0.0655%.

- A daily periodic rate is the applicable annual percentage rate divided by 365.

- If any annual percentage rate is based on the U.S. Prime Rate plus a margin, we will calculate the rate for each billing cycle by adding the applicable margin to the U.S. Prime Rate. For each billing cycle we will use the U.S. Prime Rate published in *The Wall Street Journal* two business days prior to your Billing Cycle Closing Date for that billing cycle. Any increase or decrease in a variable annual percentage rate due to a change in the U.S. Prime Rate takes effect as of the first day of the billing cycle for which we calculate the variable annual percentage rate. If more than one U.S. Prime Rate is published, we may choose the highest rate. If *The Wall Street Journal* ceases publication or is publish the U.S. Prime Rate, we may use the U.S. Prime Rate published in any other newspaper of general circulation, or we may substitute a similar reference rate at our sole discretion. When a change in an applicable variable annual percentage rate takes effect, we will apply it to all existing balances. An increase in the variable annual percentage rate means you will incur a higher finance charge and perhaps a higher minimum payment.

- Please see the section entitled "Variable Annual Percentage Rates for Purchases and Cash Access" for details relating to how your rates may change, including if you default under any Card Agreement that you have with us.

**Variable Annual Percentage Rates for Purchases and Cash Access:**
Your annual percentage rates may also vary if you default under any Card Agreement that you have with us because you fail to make a payment to us or any other creditor when due, you exceed your credit line, or you make a payment to us that is not honored. In such circumstances, we may increase your annual percentage rates (including any promotional rates) on all balances to a variable default rate of up to 22.15% plus the applicable U.S. Prime Rate. As of April 1, 2005, the maximum variable default **ANNUAL PERCENTAGE RATE** currently in effect is 27.90%, which corresponds to a daily periodic rate of 0.0765%. Factors considered in determining your variable default rate may include the length of time your account with us has been open, the existence, seriousness, and timing of defaults under any Card Agreement that you have with us, and other indications of account usage and performance. The variable default rate takes effect as of the first day of the billing cycle in which you default. Your account may again become eligible for a lower annual percentage rate on new and existing purchases and cash access transactions after you have met the terms of all Card Agreements that you have with us for six consecutive billing cycles.

**Promotional Rate Offers:**
From time to time at our discretion, we may offer special promotions under which purchases of goods or services, balance transfers, or cash access transactions may be billed to your account with special promotional terms. These special promotions include special promotional purchase offers including, but not limited to, the No Finance Charge and Deferred Payments offers

described below. The finance charges, minimum payment, and other terms for special promotions may differ from the standard terms described in this Agreement and as may be shown on your account statement. The standard terms of this Agreement apply to any special promotion, except where changed by the special promotion. Except to the extent modified by the terms of the special promotion, standard terms will continue to apply to any and all transactions that are not subject to a special promotion. If you elect a special promotion, you agree to the terms of the promotion and understand that any unpaid balance related to the special promotion will be subject to the standard terms for regular Sears purchases, regular External purchases, or cash access transactions when the promotional period ends. The duration of the promotional period for the No Finance Charge and Deferred Payments offers will be as specified in the promotional offer. We are not required to give you advance notice before resuming or starting to bill you according to the standard terms described in this Agreement. The promotional offer will terminate if, at any time during the billing cycle in which you make the transaction that may be subject to the offer, or at any time during the promotional period, you default under any Card Agreement that you have with us because you fail to make a payment to us or any other creditor when due, you exceed your credit line, or you make a payment to us that is not honored.

In this Agreement, "No Finance Charge" offers include the following:

- No Interest No Payments -- No finance charges are imposed and no minimum payments are required on this balance during the promotional period.
- No Interest With Payments -- No finance charges are imposed during the promotional period. Minimum payments are required on this promotional balance.

In this Agreement a "Deferred Payments" offer is an offer in which finance charges are assessed and imposed on the balance during the promotional period. No minimum payments are required on this balance during the promotional period.

**Finance Charges:**
Finance charges for purchases, balance transfers, and cash access transactions will begin to accrue from the date the transaction is added to the daily balance as described below, and continue to accrue until payment in full is credited to your account. However, if you paid the total Account Balance, if any, listed on the last account statement, less any No Finance Charge balance that expires after the payment due date, by the payment due date on that statement you will have until the payment due date on your current statement to pay your total Account Balance less any No Finance Charge balance that expires after the payment due date to avoid imposition of additional finance charges on purchases (excluding balance transfers). If you have accepted certain balance transfer offers for which you may be eligible, you may not be able to avoid additional finance charges on purchases, as described in your balance transfer offer.

We will calculate a portion of the finance charge on your account as follows:

- We calculate periodic rate finance charges separately for each balance (e.g. regular Sears purchases, regular External purchases, Old Balances, and Cash Access transactions). In addition, we may offer special promotions subject to different terms. The periodic rate finance charges for each promotional balance subject to different terms will also be calculated separately. For periodic rate finance charge calculation purposes, Deferred Payments balances are treated like regular Sears purchases unless otherwise specified in connection with a particular promotional offer. The periodic rate finance charges are calculated for each balance on the account by (i) taking each daily balance, (ii) multiplying that daily balance by the applicable daily periodic rate, and (iii) adding together the resulting amounts for each day in the billing cycle. The total periodic rate finance charge for the billing cycle is the sum of the periodic rate finance charges for each balance, rounded to the next highest cent. You may calculate the periodic finance charge (except for minor variations due to rounding) by (i) taking the Average Daily Balance for each balance, and (ii) multiplying that Average Daily Balance by the applicable periodic rate, and (iii) multiplying that amount by the number of days in the billing cycle. This method of calculating the balance subject to finance charge and the periodic rate finance charges results in daily compounding of finance charges.
- To determine the daily balance for each balance on the account, we take the beginning balance for each balance each day which may include unpaid finance charges from previous billing cycles, add any new transactions for that balance and any unpaid finance charges accrued from the previous day on that balance, deduct payments and credits posted as of that day to that balance, and make other adjustments. A credit balance is treated as a balance of zero. New transactions are included in the daily balance from the later of the transaction date or the first day of the billing cycle in which they are posted to the account. For balance transfers, the transaction date is the date we receive your request for the balance transfer. Cash Access Transaction Fees, insurance charges,

AccountCare® fees, Late Payment Fees, Returned Payment Fees, and all other fees are included in the daily balance of regular Sears purchases as of the date they are posted to the account. Balance transfers are included in the daily balance for regular External purchases on the day after the promotional period expires. No Finance Charge balances are included in the daily balance for regular Sears purchases on the day the promotional period expires. If, however, any No Finance Charge offer is terminated because of default (as described above) any No Finance Charge balances will be included in the daily balance for regular Sears purchases as of the last day of the billing cycle in which you default.

- For finance charge calculation purposes, the billing cycle begins on the day after the Billing Cycle Closing Date of the previous billing cycle and includes the Billing Cycle Closing Date of the current billing cycle. The number of days in the billing cycle may vary.

**Transaction Fee for Cash Access:**
You have obtained a cash access transaction or balance transfer for which we assess a cash access transaction fee if you obtain funds from an automated teller machine (ATM), through a convenience check, through home banking, or through a financial institution; make a wire transfer; transfer a balance; acquire a money order, traveler's check, lottery ticket, betting or casino chip, or similar item; or engage in another similar transaction. For each cash access transaction or balance transfer, we add an additional **FINANCE CHARGE** of 3.0% of the cash access transaction or balance transfer amount, but not less than $5. This fee will be added to the regular Sears purchase balance. (The amount of the cash access transaction may include a surcharge that the ATM owner imposes.) The cash access transaction fee may cause the annual percentage rate on the account statement on which the cash access transaction or balance transfer first appears to exceed the nominal annual percentage rate.

**Minimum Finance Charge:**
If finance charges are being added to your account, but the total of such finance charges is less than $1.00, we assess a minimum **FINANCE CHARGE** of $1.00. We add the amount to the balance that is being assessed a finance charge. If more than one balance is assessed a finance charge, we may add the minimum finance charge to any such balance at our discretion.

**Late Payment Fee:**
We will add a late payment fee to the regular Sears purchase balance for each billing cycle you fail to pay, by the due date, the Total Minimum Due. This late payment fee is based on the Account Balance at the time the late payment fee is added. The late payment fee is $10 on balances up to $50, $25 on balances of $50 up to $1000, and $35 on balances of $1000 and over.

**Returned Payment Fee:**
We will add a $25 fee to the regular Sears purchase balance when a payment check or similar instrument is not honored, when we must return it because it cannot be processed, or when an automatic debit is returned unpaid. At our option, we will assess this fee the first time your check or payment is not honored, even if it is honored upon resubmission.

**Returned Convenience Check/Stop Payment Fee:**
We will add a $25 fee to the regular Sears purchase balance if we decline to honor a convenience check or when payment of a convenience check is stopped at your request.

**Transactions Made in Foreign Currencies:**
If you use the account in a currency other than U.S. dollars, Sears or its affiliates will convert the charge into a U.S. dollar amount. The amount posted to your account will be at the exchange rate determined by Sears or its affiliates for Sears transactions, using their current currency conversion rate procedures. Currently, the currency conversion rate is generally a retail market rate in effect on the date of conversion. The currency conversion rate used on the conversion date may differ from the rate in effect on the date you used your card or account.

**Arbitration:**
The Card Agreement that you will receive with your card if you are approved for credit provides that disputes are subject to binding arbitration. Arbitration replaces the right to go to court, including the right to a jury and the right to participate in a class action or similar proceeding. Please read the "Arbitration" section of the Card Agreement carefully.

---

## YOUR BILLING RIGHTS - KEEP THIS NOTICE FOR FUTURE USE

What To Do If There's An Error In Your Bill.
Your Billing Rights. Keep This Notice For Future Use.
This notice contains important information about your rights and our responsibilities under the

Fair Credit Billing Act.

**Notify Us In Case of Errors or Questions About Your Bill.**
If you think your account statement is wrong, or if you need more information about a transaction on your account statement, write to us (on a separate sheet) at the address provided in the Billing Rights Summary portion on the back of your account statement. Write to us as soon as possible. We must hear from you no later than 60 days after we sent you the first account statement on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:

- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.
- Please sign your letter.

If you have authorized us to pay your credit card bill automatically from your savings or checking account, you can stop the payment on any amount you think is wrong. To stop the payment you must tell us at least three business days before the automatic payment is scheduled to occur.

**Your Rights and Our Responsibilities After We Receive Your Written Notice.**
We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe your account statement was correct. After we receive your letter, we cannot try to collect any amount you question, or report your account as delinquent. We can continue to bill you for the amount you question, including finance charges, and we can apply any unpaid amount against your credit line. You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your balance that are not in question.

If we find that we made a mistake on your account statement, you will not have to pay any finance charges related to any questioned amount. If we didn't make a mistake, you may have to pay finance charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date it is due.

If you fail to pay the amount that we think you owe, we may report you as delinquent. However, if our explanation does not satisfy you and you write to us within 10 days telling us that you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name and address of anyone to whom we reported your account information. We must tell anyone we report you to that the matter has been settled between us when it is finally settled.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your account statement was correct.

**Special Rule for Credit Card Purchases.**
If you have a problem with the quality of property or services that you purchased with a credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the property or services. There are two limitations on this right:

- You must have made the purchase in your home state or, if not within your home state, within 100 miles of your current address; and
- The purchase price must have been more than $50.

These limitations do not apply if we own or operate the merchant, or if we mailed you the advertisement for the property or services.

---

## TERMS AND CONDITIONS OF OFFER

- This offer is only valid for new accounts. You must be at least 18 years of age. If you

are married, you may apply for a separate account. Citibank USA, N.A. ("we" or "us") is the issuer of your Sears Card account.

- Federal law requires us to obtain, verify and record information that identifies each person who opens an account, in order to help the government fight the funding of terrorism and money laundering activities. To process the application, we must have your name, street address, date of birth and other identifying information, and we may ask for identifying documents from you as well.

- We may gather information about you, including from your employer, your bank, credit bureaus, and others, to verify your identity and determine your eligibility for credit, renewal of credit, and future extensions of credit. If you ask us, we will tell you whether or not we requested a credit bureau report, and the names and addresses of any credit bureaus that provided us with such reports.

- You authorize us to share with Sears, Roebuck and Co. and its affiliates the information contained in this application as well as experiential and transactional information regarding you and your account.

- To receive a Sears Card, you must meet our credit qualification criteria. Your credit limit will be determined by a review of your credit report. You will be informed of the amount of your credit line when you receive your card. Please note that cash access transactions may be limited to a portion of your credit line.

- Please see the attached Initial Disclosure Statement below for important additional information. If you are approved for credit, you will receive a Card Agreement ("Agreement") with your card(s). The Agreement will be binding on you unless you cancel your account within 30 days after receiving your card and you have not used or authorized use of your account. We may change the Agreement at any time in accordance with applicable law and the terms of the Agreement.

```
| Attorney or Party without At'rney:        | For Recorder's use   ly |
| THE LAW OFFICES OF ROBERTS J              |                         |
| COLCLOUGH, III                            |                         |
| 9301 OAKDALE AVE STE 205                  |                         |
| CHATSWORTH, CA 91311                      |                         |
| TEL: (818)-906-0120                       |                         |
|                                           |                         |
|                                           |                         |
|-------------------------------------------|-------------------------|
| SUPERIOR COURT                    10100   | Levying Officer:        |
|                                           | Sheriff's Department    |
| 1130 "O" STREET                           | Los Angeles County      |
| FRESNO, CA 93724-2220                     | 1427 WEST COVINA PKWY., RM 127 |
|-------------------------------------------| WEST COVINA, CA 91790   |
| Plaintiff: LVNV FUNDING LLC               | TEL: (626)-813-3255     |
| Defendant: TIGGS, ANTHONY                 |                         |
|-------------------------------------------|-------------------------|
| Notice of levy - under writ of:  COURT CASE 08CECL07799           |
| ( X ) Execution (Money Judgment)          |                         |
| (   ) Sale                      Levy.Ofcr.File.No.: 3301711080056 |
```

TO THE PERSON NOTIFIED:
WELLS FARGO BANK, N.A.          GARNISHEE
TIGGS, ANTHONY                  JUDGMENT DEBTOR
2150 E SAN ANTONIO ST
SAN JOSE, CA 95116

1. The judgment creditor seeks to levy upon property in which the judgment
   debtor has an interest and apply it to the satisfaction of a judgment
   as follows:
   A. Judgment Debtor:
      TIGGS, ANTHONY

   B. The property to be levied upon is described:
      (   ) In the accompanying Writ of Possession or Writ of Sale
      ( X ) As follows:
            LEVY ON ANY AND ALL ACCTS OF JUDG. DEBTOR SSN ████████.

2. THE AMOUNT NECESSARY TO SATISFY THE JUDGMENT CREDITOR'S JUDGMENT IS
   $ 29974.12    PLUS $ 4.37    INTEREST PER DAY FROM 11/09/17 TO DATE OF
   SERVICE.

   (READ INFORMATION FOR JUDGMENT DEBTOR OR INFORMATION FOR PERSON OTHER THAN
   JUDGMENT DEBTOR ON ATTACHED SHEET.)
===============================================================================
Notice of Levy was  (  ) Mailed   on NOV 0 9 2017 (  ) Delivered on: __/__/__
                     (  ) Posted   on: __/__/__     (  ) Filed     on: __/__/__
                     (  ) Recorded on: __/__/__

                                          Jim McDonnell, SHERIFF
                             By: _____
                                          L. TIAN, Deputy

              NOTICE OF LEVY (ENFORCEMENT OF JUDGMENT)
76N512 PRD 11-85
Form approved by the
Judicial Council of California
EJ-150 (Rev. January 1, 1985)              CCP 699.540
MA1LP50

**EXHIBIT 4**

1. The levying officer is required to take custody of the property described in item 1 in your possession or under your control.

2. You may claim any available exemption for your property. A list of exemptions is attached. If you wish to claim an exemption, you must do so within 10 days after this notice was delivered to you or 15 days after this notice was mailed to you by filing a Claim of Exemption and one copy with the levying officer as provided in Section 703.520 of the Code of Civil Procedure. If you do not claim any exemptions, you lose them and the property is subject to enforcement of a money judgment. If you wish to seek the advice of an attorney, you should do so immediately so that a Claim of Exemption can be filed on time.

3. You are not entitled to claim an exemption for property that is levied upon under a judgment for sale of property. This property is described in the accompanying Writ of Sale. You may, however, claim available exemptions for property levied upon to satisfy damages or costs awarded in such a judgment.

4. You may obtain the release of your property by paying the amount of a money judgment with interest and costs remaining unpaid.

5. If your property is levied upon under a Writ of Execution or to satisfy damages and costs under a Writ of Possession or Sale, the property may be sold at an execution sale, perhaps at a price substantially below its value. Notice of Sale will be given to you. Notice of Sale of Real Property (other than a leasehold estate with an unexpired term of less than two years) may not be given until at least 120 days after this notice is served on you. This grace period is intended to give you an opportunity to settle with the judgment creditor, to obtain a satisfactory buyer for the property, or to encourage other potential buyers to attend the execution sale.

6. All sales at an execution sale are final; there is no right of redemption.

7. Paragraphs 5 and 6 do not apply if this property is sold subject to the right of redemption.

### INFORMATION FOR PERSON OTHER THAN JUDGMENT DEBTOR

1. If the property levied upon is in your possession or under your control and you do not claim the right to possession or a security interest, you must deliver the property to the levying officer. If you do not deny an obligation levied upon or do not claim a priority over the judgment creditor's lien, you must pay to the levying officer the amount that is due and payable and that becomes due and payable during the period of the execution lien which lasts two years from the date of issuance of the Writ of Execution. You must execute and deliver any documents needed to transfer the property.

2. You must complete the accompanying Memorandum of Garnishee.

3. If you claim ownership or the right to possession of real or personal property levied upon or if claim a security interest in or lien on personal property levied upon, you may make a third-party claim and obtain the release of the property pursuant to CCP 720.010-720.800.

4. Make checks payable to: LOS ANGELES COUNTY SHERIFF DEPARTMENT
                          PO Box 843580
                          Los Angeles, CA 90084-3580
   Include Levying Officer File No: 3301711080056 on payments

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number and address)*: | L.A. COUNTY SHERIFF CIVIL MANAGEMENT BUREAU WEST COVINA OFFICE 2017 NOV -8 AM 8:42 |
|---|---|

Robert J. Colclough, III       (State Bar # 180821)
The Law Offices of Robert J. Colclough, III
9301 Oakdale Ave. Suite 205
Chatsworth , CA 91311

TELEPHONE NO.: (818) 906-0120       FAX NO.: (818) 933-3383
E-MAIL ADDRESS: roberc@acsca.com
ATTORNEY FOR *(Name)*: LVNV Funding, LLC.
[X] ATTORNEY FOR   [X] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, CA  93721
BRANCH NAME: Downtown Courthouse

PLAINTIFF: LVNV Funding, LLC.

DEFENDANT: Anthony Tiggs

> Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

| WRIT OF | [X] EXECUTION (Money Judgment) [ ] POSSESSION OF   [ ] Personal Property [ ] Real Property [ ] SALE | CASE NUMBER: 08CECL07799 |
|---|---|---|
| | [X] Limited Civil Case   [ ] Small Claims Case [ ] Unlimited Civil Case   [ ] Other | |

1. **To the Sheriff or Marshal of the County of:** Los Angeles
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.
3. *(Name):* LVNV Funding, LLC.
   is the [X] judgment creditor   [ ] assignee of record   whose address is shown on this form above the court's name.
4. **Judgment debtor** *(name, type of legal entity stated in judgment if not a natural person, and last known address):*

   Anthony Tiggs
   2150 E. San Antonio St.
   San Jose , CA 95116

   [ ] Additional judgment debtors on next page.
5. **Judgment entered on** *(date):*
   January 21, 2009
6. [ ] **Judgment renewed on** *(dates):*

7. **Notice of sale under this writ**
   a. [X] has not been requested.
   b. [ ] has been requested *(see next page)*.
8. [ ] Joint debtor information on next page.

9. [ ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . . . . . $      15,978.67
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . $      0.00
13. Subtotal (add 11 and 12) . . . . . . . . . $      15,978.67
14. Credits . . . . . . . . . . . . . . . . . . . $      0.00
15. Subtotal (subtract 14 from 13) . . . . . . $      15,978.67
16. Interest after judgment (per filed affidavit CCP 685.050) (not on GC 6103.5 fees). . . $      13,708.69
17. Fee for issuance of writ . . . . . . . . . . . $      25.00
18. Total (add 15, 16, and 17) . . . . . . . . . $      29,712.36
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)* (not on GC 6103.5 fees) of. . . . . . $      4.37
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) . . . . . . . . . . $      0.00
20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

Issued on *(date):* 9/22/2017      Clerk, by   /s/ P.Hernandez      , Deputy

NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5

EJ-130

| | |
|---|---|
| PLAINTIFF: LVNV Funding, LLC. | CASE NUMBER: |
| DEFENDANT: Anthony Tiggs | 08CECL07799 |

— Items continued from page 1 —

21. ☐ **Additional judgment debtor** *(name, type of legal entity stated in judgment if not a natural person, and last known address):*

22. ☐ **Notice of sale has been requested by** *(name and address):*

23. ☐ **Joint debtor** was declared bound by the judgment (CCP 989–994)
   a. on *(date):*
   b. name, type of legal entity stated in judgment if not a natural person, and last known address of joint debtor:

   a. on *(date):*
   b. name, type of legal entity stated in judgment if not a natural person, and last known address of joint debtor:

   c. ☐ additional costs against certain joint debtors *(itemize):*

24. ☐ *(Writ of Possession* or *Writ of Sale)* **Judgment** was entered for the following:
   a. ☐ Possession of real property: The complaint was filed on *(date):*
      *(Check (1) or (2)):*
      (1) ☐ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
         The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
      (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
         (a) $ _____ was the daily rental value on the date the complaint was filed.
         (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*
   b. ☐ Possession of personal property.
      ☐ If delivery cannot be had, then for the value *(itemize in 24e)* specified in the judgment or supplemental order.
   c. ☐ Sale of personal property.
   d. ☐ Sale of real property.
   e. Description of property:

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (Form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

► A Claim of Right to Possession *form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*

| | | |
|---|---|---|
| EJ-130 [Rev. January 1, 2012] | **WRIT OF EXECUTION** | Page 2 of 2 |
| | | *LexisNexis® Automated California Judicial Council Forms* |

(NOT FOR WAGE GARNISHMENT)
RETURN TO LEVYING OFFICER. DO NOT FILE WITH COURT.

**EJ-160**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Fred W. Schwinn (SBN 225575)<br>Consumer Law Center, Inc.<br>12 South First Street, Suite 1014<br>San Jose, California 95113-2418<br>TELEPHONE NO.: (408) 294-6100  FAX NO. (Optional): (408) 294-6190<br>E-MAIL ADDRESS (Optional): fred.schwinn@sjconsumerlaw.com<br>ATTORNEY FOR (Name): ANTHONY TIGGS | FOR LEVYING OFFICER USE ONLY<br>(Levying Officer Name and Address)<br>Los Angeles Sheriff's Department<br>1427 West Covina Parkway, Room 127<br>West Covina, CA 91790<br>Tel. (626) 813-3255 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: LVNV FUNDING, LLC<br><br>DEFENDANT/RESPONDENT: ANTHONY TIGGS | LEVYING OFFICER FILE NUMBER:<br>3301711080056 |

| | |
|---|---|
| **CLAIM OF EXEMPTION**<br>(Enforcement of Judgment) | FOR COURT USE ONLY |

Copy all the information required above (except the top left space) from the **Notice of Levy.** *The top left space is for your name or your attorney's name and address.* **The original and one copy of this form must be filed with the levying officer.**
*DO NOT FILE WITH THE COURT.*

1. My name is: ANTHONY TIGGS
2. Papers should be sent to:
   ☐ me.
   ☒ my attorney (I have filed with the court and served on the judgment creditor a request that papers be sent to my attorney and my attorney has consented in writing on the request to receive these papers.)
   at the address ☒ shown above ☐ following (specify):

| | |
|---|---|
| CASE NUMBER:<br>08CECL07799 | |

3. ☐ I am not the judgment debtor named in the notice of levy. The name and last known address of the judgment debtor is (specify):

4. The property I claim to be exempt is (describe):
   All funds in Wells Fargo Bank, N.A.
5. The property is claimed to be exempt under the following code and section (specify):
   42 U.S.C. § 407; 38 U.S.C. § 3101; CCP § 704.080; CCP § 704.130
6. The facts which support this claim are (describe):
   All levied funds were received from the Social Security or Veterans Administration and are exempt from levy.
7. ☐ The claim is made pursuant to a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor. **A Financial Statement form is attached to this claim.**
8. ☐ The property claimed to be exempt is
   a. ☐ a motor vehicle, the proceeds of an execution sale of a motor vehicle, or the proceeds of insurance or other indemnification for the loss, damage, or destruction of a motor vehicle.
   b. ☐ tools, implements, materials, uniforms, furnishings, books, equipment, a commercial motor vehicle, a vessel, or other personal property used in the trade, business or profession of the judgment debtor or spouse.
   c. all other property of the same type owned by the judgment debtor, either alone or in combination with others, is (describe):
      All funds in Wells Fargo Bank, N.A.
9. ☐ The property claimed to be exempt consists of the loan value of unmatured life insurance policies (including endowment and annuity policies) or benefits from matured life insurance policies (including endowment and annuity policies). All other property of the same type owned by the judgment debtor or the spouse of the judgment debtor, either alone or in combination with others, is (describe):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: November 13, 2017

Anthony Tiggs
_____
(TYPE OR PRINT NAME)

► *Anthony Tiggs* (signature)
_____
(SIGNATURE OF DECLARANT)

**EXHIBIT 5**

Page 1 of 1

CEB® Essential Forms
ceb.com

**CLAIM OF EXEMPTION**
(Enforcement of Judgment)

Code of Civil Procedure, § 703.520
*www.courtinfo.ca.gov*

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Fred W. Schwinn (SBN 225575)<br>Consumer Law Center, Inc.<br>12 South First Street, Suite 1014<br>San Jose, California 95113-2418<br>TELEPHONE NO.: (408) 294-6100     FAX NO.*(Optional):* (408) 294-6190<br>E-MAIL ADDRESS *(Optional):*   fred.schwinn@sjconsumerlaw.com<br>ATTORNEY FOR *(Name):* ANTHONY TIGGS | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   FRESNO
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME:

PETITIONER/PLAINTIFF:   LVNV FUNDING, LLC

RESPONDENT/DEFENDANT:   ANTHONY TIGGS

| PROOF OF SERVICE BY FIRST-CLASS MAIL - CIVIL | CASE NUMBER:<br>08CECL07799 |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   12 South First Street, Suite 1014
   San Jose, California 95113-2418

3. On *(date):* November 13, 2017          I mailed from *(city and state):*  San Jose, California
   the following **documents** *(specify):*
   Claim of Exemption

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail - Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☒ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served:  Robert J. Colclough, III
   b. **Address** of person served:
      The Law Offices of Robert J. Colclough, III
      9301 Oakdale Avenue, Suite 205
      Chatsworth, CA  91311

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail-Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  November 13, 2017

Fred W. Schwinn (SBN 225575)
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)          ▶          (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL - CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov

CEB | Essential Forms
ceb.com

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>_Robert J. Colclough, III    (State Bar # 180821)<br>The Law Offices of Robert J. Colclough, III<br>9301 Oakdale Ave., Ste. 205<br>Chatsworth, CA 91311<br>TELEPHONE NO.: (818) 906-0120<br>FAX NO.: (818) 933-3383<br>ATTORNEY FOR *(Name):* LVNV Funding, LLC | FOR COURT USE ONLY |

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME: Fresno Courthouse

PLAINTIFF: LVNV Funding, LLC

DEFENDANT: Anthony Tiggs

| NOTICE OF OPPOSITION TO CLAIM OF EXEMPTION<br>(Enforcement of Judgment) | LEVYING OFFICER FILE NO.: | COURT CASE NO.:<br>08CECL07799 |
|---|---|---|

— DO NOT USE THIS FORM FOR WAGE GARNISHMENTS —

The original of this form and a Notice of Hearing on Claim of Exemption must be filed with the court.
A copy of this Notice of Opposition and the Notice of Hearing *must* be filed with the levying officer.
A copy of this Notice of Opposition and the Notice of Hearing must be served on the judgment debtor and other claimant at least 10 days *before* the hearing.

TO THE LEVYING OFFICER:

1. Name and address of judgment creditor

LVNV Funding, LLC
c/o Robert J. Colclough, III
9301 Oakdale Ave., Ste. 205
Chatsworth, CA 91311

2. Name and address of judgment debtor

Anthony Tiggs
12 South First St., Ste. 1014
San Jose, CA 95113

Social Security Number *(if known):*

3. ☐ Name and address of claimant *(if other than judgment debtor)*

4. The notice of filing claim of exemption states it was mailed on *(date):* November 15, 2017
5. The item or items claimed as exempt are
   a. ☒ not exempt under the statutes relied upon in the Claim of Exemption.
   b. ☐ not exempt because the judgment debtor's equity is greater than the amount provided in the exemption.
   c. ☐ other *(specify):*

6. The facts necessary to support item 5 are
   ☐ continued on the attachment labeled Attachment 6.
   ☒ as follows: Defendant's exemptions are not applicable

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 21, 2017

Robert J. Colclough, III
*(TYPE OR PRINT NAME)*          ▶          *(SIGNATURE OF DECLARANT)*

EXHIBIT
6

Form Approved by the Judicial Council of California
EJ-170 [New July 1, 1983]
Optional Form
NOTICE OF OPPOSITION TO CLAIM OF EXEMPTION
(Enforcement of Judgment)
CCP 703.550
*LexisNexis® Automated California Judicial Council Forms*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and* | TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|---|

Fred Schwinn,, Esq.
12 S. First St., Ste. 1014
San Jose, CA 95113-2418

ATTORNEY FOR *(name):*

NAME OF COURT, JUDICIAL DISTRICT OR BRANCH COURT, IF ANY:

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
**Civil Department - Central Division**
1130 "O" Street
Fresno, CA  93724-0002
**(559)457-1900**

FILED

DEC 2 1 2017

FRESNO COUNTY SUPERIOR COURT
By _____
ZJY - DEPUTY

PLAINTIFF: **LVNV Funding, LLC**

DEFENDANT: **Anthony Tiggs**

| **ORDER DETERMINING CLAIM OF EXEMPTION**<br>**(Bank Levy)** | LEVYING OFFICER FILE NO.<br>**N/A** | COURT CASE NO:<br>**08CECL07799** |
|---|---|---|

1. The application of *(name):* **LVNV Funding, LLC**

   for an order determining the Claim of Exemption of *(name):* **Anthony Tiggs**

   was heard on *(date):* **December 21, 2017**

   *(Check boxes to indicate personal presence)*

   ☐ Judgment Creditor *(name):*               ☐ Attorney *(name):*

   ☐ Judgment Debtor *(name):*                 ☐ Attorney *(name):*

2. The court considered the evidence in support of and in opposition to the Claim of Exemption.

3. IT IS ORDERED

   a. ☒ **The judgment debtor's Claim of Exemption is denied without prejudice.**

   b. ☐ The judgment debtor's Claim of Exemption is granted.

   c. ☐ The levying officer is directed to release any earnings held to the judgment debtor.

   d. ☒ **The levying officer is directed to release any earnings held to the judgment creditor for payment on the judgment.**

   e. ☐ Other orders *(specify):*

   f. The clerk shall transmit a certified copy of this order to the levying officer.  The levying officer shall notify the
      employer of any change in the Earnings Withholding Order and release any retained sums as provided in this order.

Date: **December 21, 2017**

_____
(SIGNATURE OF JUDGE) Samuel Dalesandro

| [SEAL] | **CLERK'S CERTIFICATION** | **EXHIBIT**<br>**7** |
|---|---|---|
| | I certify that the foregoing is a true and correct copy of the original on file in my office. | |
| | Date: _____   Clerk, by _____, Deputy | |

**GEN-18** Form Adopted by the
Judicial Council of California
982.5(9) [Rev. July 1, 1983]

**ORDER DETERMINING CLAIM OF EXEMPTION**
**(Bank Levy)**

CCP 706 105

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California   93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br>   LVNV Funding vs Anthony Tiggs/Judgment | |

| CLERK'S CERTIFICATE OF MAILING | CASE NUMBER:<br>08CECL07799 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

**December 21, 2017 Claim of Exemption Minutes/Order**

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice. I am readily familiar with this court's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California   93724-0002

On Date:  12/22/2017                    Clerk, by _____, Deputy

                                                                    J. Yang

Robert J. Colclough, III
9301 Oakdale Ave., Suite 205
Chatsworth, CA 91311

Fred Schwinn, Esq.

12 S. First St., Ste. 1014

San Jose, CA 95113-2418

Los Angeles County Sheriff's Office Civil Unit

1427 W. Covina Parkway, Room 127

West Covina, CA 91790

☐  Clerk's Certificate of Mailing Additional Address Page Attached